IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| **TERESA SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| v. ) | **1:07-103-AAA** |
| ) | |
| **CITY OF AUGUSTA, GEORGIA** ) | |
| **d/b/a AUGUSTA, RICHMOND** ) | |
| **COUNTY, GOVERNMENT,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS

COMES NOW Defendant City of Augusta, Georgia d/b/a Augusta, Richmond County, Government and submits its objections to Plaintiff's proposed exhibits.[1]

Plaintiff's Exhibit 1

Plaintiff's Exhibit 1 is a document dated March 22, 2002 which purports to be a series of organizational charts for Augusta-Richmond County departments. Defendant objects to this exhibit on the grounds that it is not relevant to Plaintiff's December 2005 termination. Defendant also objects to this exhibit because there is

---

[1] The parties recognize that the Court's ruling on Defendant's Motion in Limine will impact the evidence the parties will seek to introduce, and have reached preliminary agreement as to what documents would be withdrawn based on that ruling.

nothing to indicate that these charts, to the extent they were accurate when they were created, accurately reflect the organizational structure of these departments at the time of Plaintiff's termination in December 2005.

### Plaintiff's Exhibit 2

Plaintiff's Exhibit 2 is comprised of documents that appear to relate to the commencement of Plaintiff's employment with Defendant in 1998. Defendant objects to this exhibit on the grounds these documents are not relevant to Plaintiff's December 2005 termination.

### Plaintiff's Exhibit 4

Plaintiff's Exhibit 4 consists of the resume Plaintiff submitted when she applied for the Director of Public Works position. Because Plaintiff was awarded that position, and has no failure to hire claim, Defendant objects to this exhibit on the grounds that it is not relevant to Plaintiff's December 2005 termination.

### Plaintiff's Exhibit 5

Plaintiff's Exhibit 5 is a "work record" of Plaintiff for the period 1998 through March 2002. The events which form the basis of Plaintiff's remaining claims allegedly occurred in 2004 and 2005. What may have happened in 1998-2002 is not relevant to that inquiry, and Defendant objects to the exhibit on that basis.

### Plaintiff's Exhibits 6-10

Plaintiff's Exhibits 6-10 relate to job moves made by Andrew Goins and Doug Cheek in March 2000 and February 2001. Both of these individuals voluntarily transferred out of the Public Works department. The circumstances of these transfers are in no way relevant to Plaintiff's termination in December 2005, and Defendant objects to the exhibits on that basis. P apparently contends that these individuals moved out of the Public Works department because of Plaintiff's race or gender, but has no competent evidence to substantiate such a belief. Even if these individuals, who did not participate in Plaintiff's termination decision, transferred because of Plaintiff's race and gender, those actions have nothing to do with her termination four years later.

### Plaintiff's Exhibits 12-13

Plaintiff's Exhibits 12 and 13 comprise performance evaluations for 1999 and 2000, respectively. Plaintiff's job performance during this time frame is not at issue in this lawsuit. These documents hold no relevance with respect to Plaintiff's job performance in 2005 and how that performance caused her termination. Defendant objects to the documents on that basis.

### Plaintiff's Exhibit 22

Plaintiff's Exhibit 22 is a document she created entitled "Summary of

Services of Public Works & Engineering" that purports to memorialize how the Public Works & Engineering department was performing at that time. Plaintiff prepared this document in an effort to address criticisms of her job performance. The document is really nothing more than Plaintiff's self-serving opinion, and is not competent evidence of the Public Works & Engineering department's actual performance. For that reason, to the extent that Plaintiff seeks to use this exhibit other than as a memorialization of her opinion of her job performance, Defendant objects to its admission.

### Plaintiff's Exhibit 23

Plaintiff's Exhibit 23 is a January 12, 2005 memorandum which reflects that a meeting involving the Public Works & Engineering department had been scheduled. Defendant objects to this document as an exhibit to the extent that Plaintiff seeks to use it to prove that any such meeting occurred, or that any specific persons were made aware of or attended any such meeting.

### Plaintiff's Exhibits 24, 25 and 27-29

Plaintiff's Exhibits 24, 25 and 27-29 are from March and September 2000 and relate to Plaintiff's compensation. Plaintiff asserted no pay discrimination claim in her EEOC charge, and, as her "Outline of Plaintiff's Case" in the Joint Pretrial Order reflects, has made no pay discrimination claim in this lawsuit. These

documents are irrelevant, and Defendant objects to them on that basis.

### Plaintiff's Exhibit 26

Plaintiff's Exhibit 26 is comprised of maps of the electoral districts for Augusta-Richmond County. Plaintiff's sole claim is that she was terminated in December 2005 because of her race and gender. Where the electoral districts are located has no relevance to this claim, and Defendant objects to them on that basis.

### Plaintiff's Exhibits 31 and 32

Plaintiff's Exhibits 31 and 32 are from 2001 and 2002 and relate to a car allowance that Plaintiff was provided for a period of time. Plaintiff asserted no pay discrimination claim in her EEOC charge, and, as her "Outline of Plaintiff's Case" in the Joint Pretrial Order reflects, has made no pay discrimination claim in this lawsuit. These documents are irrelevant, and Defendant objects to them on that basis.

### Plaintiff's Exhibit 33

Plaintiff's Exhibit 33 is comprised of documents relating to the compensation provided to the individual who succeeded Plaintiff in the Director of the Engineering Department. Because Plaintiff has made no pay discrimination claim, however, these documents are irrelevant. Defendant objects to them on that basis.

<u>Plaintiff's Exhibit 34</u>

Plaintiff's Exhibit 34 is a document she created which purports to discuss site plan reviews. Plaintiff prepared this document in an effort to address criticisms of her job performance. The document is really nothing more than Plaintiff's self-serving opinion, and is not competent evidence of the Public Works & Engineering department's actual performance. For that reason, to the extent that Plaintiff seeks to use this exhibit other than as a memorialization of her opinion of her job performance, Defendant objects to its admission.

<u>Plaintiff's Exhibit 35</u>

Plaintiff's Exhibit 35 is comprised of documents which purport to memorialize public works-related complaints in Augusta-Richmond County from 2003 through January 19, 2005. Plaintiff's counsel concedes that these documents do not reflect all of the public works-related complaints in Augusta-Richmond County that were made during that time frame, and the exhibit contains no information from after January 19, 2005. Because the document is incomplete both in terms of the time period and the breadth of public works-related complaints it might capture, Defendant objects to its admission.

<u>Plaintiff's Exhibit 37</u>

Plaintiff's Exhibit 37 is described as a videotape of the December 19, 2005

Commission meeting during which she was terminated.  Defendant objects to this exhibit because it was not produced during discovery, despite more than one request (including as late as September 22, 2008) for the same.  Defendants also objects because a certified copy of the minutes of the December 19, 2005 Commission meeting is available.  Finally, all of the Commissioners who participated in the termination vote have been identified as witnesses, and can testify live.  For these reasons, the videotape would be duplicative.  Defendant objects to the exhibit on these bases.

## **CONCLUSION**

Plaintiff has no claim regarding the compensation she was provided during her employment, nor does she claim that she was denied any job opportunities. The sole issue to be tried is whether Plaintiff was terminated because of her race and gender, or because her job performance was unacceptable. Many of the exhibits Plaintiff seeks to introduce at trial, however, relate to claims she is not pursuing. Because the evidence is not relevant to the issues presented for trial or is not competent evidence (or both), as well as for reasons of judicial economy, Defendant urges the Court to exclude it.

        Respectfully Submitted,

        /s/ Jack R. Hancock
        Jack R. Hancock
        Georgia Bar No. 322450
        jhancock@fmglaw.com

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
Telephone: (404) 366-1000
Facsimile: (404) 361-3223

        Andrew G. Mackenzie
        Georgia Bar No: 463938
        amackenzie@augustaga.gov

AUGUSTA LAW DEPARTMENT
501 Greene Street, Suite 302

-9-

Augusta, Georgia 30901
Telephone: (706) 842-5550
Facsimile: (706) 842-5556        Attorneys for Defendant
FCD0176.DOC

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| **TERESA SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| v.   ) | **1:07-103-AAA** |
| ) | |
| **CITY OF AUGUSTA, GEORGIA** ) | |
| **d/b/a AUGUSTA, RICHMOND** ) | |
| **COUNTY, GOVERNMENT,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants. Counsel of record are:

William J. Atkins, Esq.
Atkins & Attwood, LLC
6400 Powers Ferry Road, Ste. 112
Atlanta, Georgia  30339

This 10th day of June, 2009.

/s/ Jack R. Hancock
Jack R. Hancock
Georgia Bar No. 322450

FCD0176.DOC